**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHAMBERS OF**<br>**CATHY L. WALDOR**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.**<br>**ROOM 4040**<br>**NEWARK, NJ 07101**<br>**973-776-7862** |

**REPORT & RECOMMENDATION**

Re:  **M&T Bank v. H. Scott Gurvey, et al.**
     **Civil Action No. 2:18-cv-12702-SDW-CLW**

This matter comes before the Court by way of referral from the Honorable Susan D. Wigenton to issue a Report and Recommendation regarding Plaintiff M&T Bank's Motion to Remand (ECF No. 7). The Court declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78, and, for the reasons set forth below, the Court recommends that the Motion to Remand be **GRANTED**.

### Background

Plaintiff M&T Bank first filed this foreclosure action against Defendants H. Scott Gurvey and Amy Gurvey in the Superior Court of New Jersey, Essex County, on July 5, 2018. (Compl., ECF No. 1-1 at p. 7-15). On August 13, 2018, Defendants removed this case on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441(a). (ECF No. 1). Defendants then filed an Answer and asserted numerous affirmative defenses and counterclaims under federal and state law against M&T Bank and several other counterclaim defendants. (ECF No. 5).

On January 18, 2019, M&T Bank filed its Motion to Remand. (ECF No. 7). M&T Bank asserts that Defendants' removal of this action was improper, because the Court lacks subject matter jurisdiction over the Complaint. (Pl.'s Br., ECF No. 7-2, at p. 6). M&T Bank also moves for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). (*Id.* at p. 7). Defendants oppose Plaintiff's Motion to Remand and cross-move to dismiss the Complaint. (ECF No. 8). Defendants argue that their federal counterclaims confer federal question jurisdiction over this matter, and that Plaintiff's foreclosure action should be dismissed because it is unlawful and fraudulent. (*Id.* at p. 2-3).

### Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove a state court action to federal court if there is federal jurisdiction over the matter. A defendant must file a notice of removal within thirty days of receiving a copy, "through service or otherwise," of the initial pleading. 28 U.S.C. § 1446(b)(1). There are two bases for federal subject matter jurisdiction. Federal courts have diversity jurisdiction over cases between "citizens of different states" in which the amount in controversy exceeds $75,000. 26 U.S.C. § 1332(a)(1). Federal district courts also have original jurisdiction over "all civil actions arising under the… laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Parrish v. ARC of Morris Cty., LLC,* 193 F. Supp. 3d 425, 430 (D.N.J. 2016).

The removing party "bears the burden of showing at all stages of the litigation that subject matter jurisdiction is proper in the federal court." *DeJoseph v. Cont'l Airlines, Inc.*, 18 F. Supp. 3d 595, 597 (D.N.J. 2014). The federal removal statute should be "strictly construed against removal…[and] all doubts should be resolved in favor of remand." *Id.* There is a "presum[ption] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Id.* at 598 (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). When determining whether removal was proper, the "Court must analyze whether the action was removable as pending in the state court." *United States Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 389 (3d Cir. 2002).

**Discussion**

*FEDERAL SUBJECT MATTER JURISDICTION*

The Court recommends that this matter be remanded for lack of federal subject matter jurisdiction. Defendants removed the Complaint based on federal question jurisdiction under 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1, at p. 3). However, Defendants have not met their burden of establishing that the Court has federal question jurisdiction over this action. "Under the well-pleaded complaint rule, a court determines whether a claim 'arises under' federal law from a plaintiff's complaint." *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 678 (3d Cir. 2000) (citing *Metropolitan Life v. Taylor,* 481 U.S. 58, 62, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). Here, Plaintiff M&T Bank pled exclusively state law causes of action in its Complaint, which includes one foreclosure count and one count for the possession of the mortgaged premises. Accordingly, this matter does not arise under federal law.

After removing this action to federal court, Defendants filed federal counterclaims and allege that M&T Bank violated, among other statutes, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Real Estate Settlement Procedures Act. (Def.'s Answer, ECF No. 5, ¶¶ 103-124, 131-139, 171-186). In their Opposition, Defendants argue that these federal counterclaims "confer federal subject matter upon this Court and also allow the Court to assume jurisdiction of pendent state claims under 28 USC 1367[.]" (Def.'s Opp., ECF No. 8, at p. 5). However, under the well-pleaded complaint rule, "federal jurisdiction may not rest on a federal counterclaim, even when compulsory." *Palmer v. Univ. of Med. & Dentistry of New Jersey*, 605 F. Supp. 2d 624, 631 (D.N.J. 2009) (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 830–830, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002)).

Defendants have likewise failed to demonstrate that the Court has diversity jurisdiction under 26 U.S.C. § 1332(a)(1). In their Notice of Removal, Defendants did not assert diversity jurisdiction as a basis for removal, nor did they assert any facts concerning the citizenship of the parties and the amount in controversy.

*ATTORNEYS' FEES AWARD*

M&T Bank moves for an award of attorneys' fees and costs for Defendants' improper removal of this action. (Pl.'s Br., ECF No. 7-2, at p. 7). In exercising its discretion to award fees and costs under § 1447(c), the Court looks to whether Defendants "lacked an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants' removal of this action was not unreasonable, given the complexities of federal jurisdiction doctrines and Defendants' *pro se* status. Accordingly, the Court recommends that Plaintiff's request for fees or

costs be denied. *See, e.g., Oak Knoll Vill. Condo. Owners' Ass'n v. Jaye*, No. 15-CV-5303 PGS TJB, 2015 WL 4603715, at *2 (D.N.J. July 30, 2015) (declining to award plaintiff fees under § 1447(c) for *pro se* defendant's improper removal of a state court debt collection action based on federal counterclaim).

**Conclusion**

For the foregoing reasons, the Court recommends that the Motion to Remand be **GRANTED,** Plaintiff's request for attorneys' fees be **DENIED**, and that this matter be remanded to the Superior Court of New Jersey, Essex County.

Pursuant to Local Rule 72.1(c)(2), parties have 14 days from the date this report is filed with the Clerk of the Court to file and serve objections to this Report and Recommendation.

**SO ORDERED**

March 14, 2019

                                             *s/Cathy L. Waldor*
                                             **CATHY L. WALDOR**
                                             **United States Magistrate Judge**