H. SCOTT GURVEY
AMY GURVEY
315 Highland Avenue
Upper Montclair, New Jersey 07043
(973) 655-0991

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____X

H. Scott Gurvey and Amy R. Gurvey,
Petitioner/Plaintiffs PRO SE,

v.

Hon(s). Glenn A. Grant, Thomas Moore,
Wayne Richardson, Stuart Rabner, Jodi Lee Alper,
M&T Bank, Schiller, Knapp, Lefkowitz & Hertzel, LLP
Reed Smith, Aaron Bender, Respondents/Defendants

                                            DNJ CASE NOS.
                                            21-CV-16397-MCA
                                            20-CV-07831-SDW

_____X
                                            18-cv-12702-SDW-CLW

M&T BANK S/B/M TO HUDSON CITY
SAVINGS BANK,                              :     [FROM SUPERIOR COURT OF NEW JERSEY
Plaintiff-Counterdefendant,                ESSEX VICINAGE]
                                                :     [CHANCERY DIVISION BY REMOVAL
          v.                                                  DOCKET NO. F-014035-18]


H. SCOTT GURVEY; MRS. H SCOTT        :
GURVEY, fictitious spouse of H. SCOTT
GURVEY; AMY GURVEY                       :
Defendants/Counterplaintiffs.

                                             :     MOTION FOR RECONSIDERATOIN AND
                                                  REPLY TO DEFENDANT M&T BANK'S
                                                  OPPOSITION FOR INJUNCTIVE RELIEF, A
                                                  STAY AND TO VACATE ORDERS
_____X

### I. FACTUAL DISPUTES AND ERRORS OF LAW

The Third Circuit issued an order on 3-22-22 (**Exhibit 1**), that its Court will entertain either a writ of mandamus or an appeal in Case No. 21-2953 to orders entered in the instant action including based on *Korea Exchange Bank NY Branch v. Trackwise Sales Corporation*, 66 F. 3d 46 (3d Cir 1995); *Green Tree Servicing v. Cargille*, 662 Fed. Appx. 118 (3d Cir 2016) which are the precedents relevant to this litigation.

*Agostini v. Piper Aircraft*, 729 F. 3d 350 (3d Cir 2013) cited by this district court in its decision and order denying an order to show cause on 3-17-22 has no relevance to this action. This is because in that case remand to the state court was found proper because complete diversity of citizenship did not exist between the parties to the litigation, destroying jurisdiction of the federal district court.

In the instant case, however, defendant M&T **admitted** on the face of its fraudulent foreclosure complaint electronically filed on July 5, 2018 that M&T is a NY banking corporation that only accepts service of process at its corporate headquarters in Buffalo, New York and defendants (Plaintiffs herein) H. Scott Gurvey and fictitious spouse Amy Gurvey are New Jersey resident homeowners.

Because former Judge Susan D. Wigenton was disqualified by the Chief Administrative Judge Hon. Freda Wolfson in 2022 from all matters involving the Gurvey Plaintiffs since 2018 based on an improperly-undisclosed stock interest in defendant M&T Bank and its predecessor in interest Hudson City Savings Bank ("HCSB") since 2016, Petitioners had the right and retain the right to have all orders entered by Judge Wigenton adversely affecting the instant litigation reconsidered or vacated under all six subsections of Rule 60(b).

To begin with, removal of the illegal and fraudulent foreclosure was required to be granted by Judge Wigenton in 2019. Had removal been granted, the illegal foreclosure would have been dismissed with prejudice under prevailing Third Circuit law. *Korea Exchange Bank NY Branch v. Trackwise Sales Corporation*, 66 F. 3d 46 (3d Cir 1995); *Green Tree Servicing v. Cargille*, 662 Fed. Appx. 118 (3d Cir 2016)

Moreover, defendant M&T's Latham, NY debt collector defendant Schiller, Knapp, Lefkowitz & Hertzel, LLP ("SKLH") would been liable for damages and treble damages under NJ's Consumer Fraud Act, NJSA 56:8-1,20 and the Fair Debt Collection Practices Act, 15 USC 1692 in Petitioners' 2020 damages lawsuit (20-cv-07831)(SDW). Furthermore, both defendants M&T and SKLH would have been liable for treble RICO damages pursuant to 18 USC 1962 for acts in furtherance of an unlawful conspiratorial enterprise and pattern of racketeering that involves electronically filing frivolous foreclosure actions on the eCourts NJ system against defenseless NJ senior citizen homeowners, knowing there was no legal ground to do so and that the defendant homeowners are not able to legally afford counsel. *Slorp v. Lerner, Sampson and Rothfuss*, 587 Fed Appx. 249 (6th Cir. 2014).

Defendant SKLH was not a party to the Superior Court Law Division action filed by Petitioners in 2017, ESX-L-04337-17 that remains pending with claims germane to foreclosure. Therefore no Colorado River doctrine order was ever properly entered by Judge Wigenton to preclude damages against defendants in 2020.

## II. PARKER IBRAHIM AND BERG CANNOT LEGALLY OPPOSE VACATUR OF THE REMAND ORDER ENTERED IN 2019

Defendant SKLH was defendant M&T's only attorney in the Chancery Action and in the removal action. From inception, Petitioners' August 2018 removal action was timely filed within the 30-day deadline of 28 USC §1441, 1447(d).

Because law firm Parker, Ibrahim and Berg ("PIB") was never retained by M&T until 2021, PIB will have to file a notice of appearance in the writ of mandamus proceeding that is now being filed by Petitioners pursuant to the Third Circuit's recent order entered 3-22-21 in 21-2953. *Korea Exchange Bank NY Branch v. Trackwise Sales Corporation*, 66 F. 3d 46 (3d Cir 1995); *Green Tree Servicing v. Cargille*, 662 Fed. Appx. 118 (3d Cir 2016)

However, at present, this court must find that standing to oppose the vacatur of the remand order by PIB is lacking. This was Petitioner's first remedy at the earliest critical time and was expunged by Judge Wigenton's clear acts of bias. *Korea Exchange Bank NY Branch v.*

*Trackwise Sales Corporation*, 66 F. 3d 46 (3d Cir 1995); *Green Tree Servicing v. Cargille*, 662 Fed. Appx. 118 (3d Cir 2016).

In addition, Hudson City Savings Bank ("HCSB") not a party hereto, is Plaintiffs' 2002 mortgage lender. HCSB has been in multi-district litigation since 2012 against defendant M&T Bank concerning defendant M&T's **admitted securities fraud** and unlawful failure to disclose a history of consumer fraud and money laundering during the continuing merger proceedings with HCSB. Defendant M&T's consumer fraud has continued against HCSB customers throughout New Jersey while the attempts of HCSB officers and directors to revoke the merger are ongoing in four courts. Currently pending before the US Supreme Court, its M&T's petition seeking certiorari. In that petition, M&T does not contest securities fraud against HCSB officers, directors and customers, but only the standard to be applied in a banking merger. This admission must be considered by this Court because vacatur based on fraud is grounds in and of itself to grant Rule 60(b) relief.

Moreover, the Third Circuit issued sanctions twice against defendant M&T for securities fraud, consumer fraud and failing to disclose a history of money laundering and harassment of mortgage customers during the merger proceedings with HCSB. Those orders are empirically relevant to Petitioners' claims that M&T has been engaging in abuse of process, frivolous litigation parallel consumer fraud and wrongful state action against the Gurvey Plaintiffs since in 2017 the Gurvey Plaintiffs filed suit in the Law Division. That lawsuit stated claims germane to foreclosure and since June 17, 2017 none of the claims were considered by the Law Division (that stayed the case unlawfully to let the Chancery case take priority) and then Chancery when NJ's Constitutional and Entire Controversy Doctrine required them to be considered. ESX-L-04337-17; *Jaroslawicz v. M&T Bank*, 912 F. 3d 96 (3d Cir 2018); 963 F. 3d 701 (3d Cir 2021). \

Defendant M&T cannot now be permitted by this district court to benefit from its own fraud, abuse of process, frivolous litigation, predatory harassment and wrongful state action against the Gurvey Plaintiffs for 5 years.

The Gurvey Plaintiffs are ADA-disabled senior citizens with a stellar reputation. Defendant M&T's wrongful state action is a fait accompli claim, i.e., using eCourts to commence a second illegal state action proscribed by NJ's Constitutional and Entire Controversy Doctrine, NJ Ct. R. 4:30A to harass disabled senior citizens who have suffered severe emotional distress and physical injuries including a mild heart attack with troponin spike in December 2021.

Defendant M&T does not dispute that Petitioners are owed treble damages for its acts of consumer fraud since 2018, damages against defendant SKLH for violations of the Fair Debt Collection Practices Act, losing Petitioner a certified buyer in August 2018, causing Petitioner to forfeit condo rights in Florida and to also forfeit $45,000 tax refunds owed since 2009 from Montclair Township. Defendant M&T also does not challenge that it put fraudulent notations on Petitioner's credit reports. M&T does not deny it was invited to join the Tax Court refund litigation against Montclair Township in 2016, declined to do so. M&T does not deny it failed to comply with discovery in the Law Division before discovery was closed in 2019 and has not proven that it is owed one cent of tax money, principal and interest as holder in due course, or penalties, fines and fees.

Plaintiffs' HCSB mortgage does not give defendant M&T a remedy concerning its tax snafu and its only remedy is against Montclair Township to recover any alleged payments never even supported by one document in Law Division discovery. M&T does not get a second bite at the apple in this court, but even if it could, a dispute over taxes does not give defendant M&T the rights of acceleration or foreclosure under the HCBS mortgage contract.

The truth is that Petitioners' tax overpayments to Montclair Township since 2009, were in fact applied to pay ongoing taxes because Petitioners were forced to remain in their home when they lost the certified buyer in August 2018 due to defendant M&T's abuse of process, wrongful state action and consumer fraud and filing an illegal and fraudulent foreclosure action. August 2018 the same month when Petitioners' otherwise proper removal action was filed in the district court to dismiss the illegal foreclosure, while Petitioner's claims germane to foreclosure remained pending, alive and well in the Law Division and have still not been adjudicated by the Law Division, this court or Chancery.

### III. IMPROPER ORDERS OF JUDGE WIGENTON GRANTING REMAND SINCE 2019 MUST BE VACATED AND A WRIT OF MANDAMUS TO DISMISS THE ILLEGAL FORECLOSURE MUST BE GRANTED

All three of Petitioners' lawsuits since removal have been prejudiced by Judge Wigenton's clear bias and improper docket entries. This includes failure to timely docket Petitioners' opposition date-stamped and filed on March 28, 2019 to the report and recommendations (R&R) of the district court magistrate entered March 14, 2019 (that gave Petitioners 14 days to oppose).

Judge Wigenton's remand ordered docketed on March 29, 2019, having been due in September 2018 pursuant to 28 USC 1441, 1447(d) was way too late in contumacious defiance of federal statutes. It was also inserted on the docket out of chronological order, above Petitioners' already filed opposition to the R&R based on diversity of citizenship on March 28, 2019. Petitioner's opposition, however, did not make it onto the docket for another week, because Petitioners' motion seeking ECF filing privileges was had never been adjudicated by Judge Wigenton and would have prevented an administrative error and prejudicial mishap. Reference to this mishap and requesting that this case be assigned to another judge, was docketed as #3 on the docket of the instant action.

M&T and SKLH defendants, however, even as non-resident entities, always had ECF filing privileges as separate electronic filing privileges on eCourts state system, which Plaintiffs did not have. The lack of access resulted in serious prejudice and improper discrimination against Petitioners who are pro se litigants in violation of the Equal Protection.

For example, in 2021, Chancery admitted never reading Petitioner's remand papers that had an answer and counterclaim included with the unadjudicated germane claims filed in the Law Division in 2017. All Petitioners' papers were timely docketed on the JEDS system but not re-docketed by eCourts officers for at least a week after they were received. Orders were entered without the benefit of Petitioners' papers. In addition, eCourts mis-docketed Petitioner's answer and counterclaims on remand to Chancery as an "opposition" although

Petitioners timely filed their papers with JEDS and paid the answer and counterclaim fees. *Erickson v. Pardus*, 551 US 89 (2007).

The bottom line is that Chancery had Petitioner's answer and counterclaim all along. It was wholly improper for Chancery to enter default when it had the papers, deny a stay and then sua sponte enter a default judgment based on a statement *"that it had to go by the docket entries"* as filed by eCourts. Petitioner's appeal claims are now before the Appellate Division of Superior Court in A749-21T4 and in the Supreme Court of NJ in Case No. 86692, all still pending. However, the Appellate Division and Supreme Court have confirmed that Petitioners have no right to use eCourts or even see the appeal dockets in either appeal. **However, empirically relevant is that NJ's Supreme Court did not agree with this court that Petitioner did not state a proper case for a preliminary injunction under state law.**

Plain and simple, however, Petitioners don't owe the money frivolously claimed on M&T's statements Defendants M&T and SKLH also never complied with discovery in the Law Division (now closed). Defendant M&T does not get a second bite at the apple in Chancery or this Court, while Petitioner's claims were not timely adjudicated in the Law Division based on further eCourts errors. Law Division could not legally enter a stay sua sponte in April 2021 to let the Chancery case filed 14 months after – to go first. Petitioners lost their right to control the litigation and dismiss the foreclosure.

The result is that Petitioners who are ADA disabled senior citizens will lose their home and suffer irreparable harm and manifest injustice along with serious injury to their already compromised health. The lis pendens remains on docket, based on defendants' illegal abuse of process, consumer fraud and wrongful state action, while Petitioners' priority claims germane to foreclosure filed in 2017 still remain unadjudicated by the State.

NJ's Constitution and Entire Controversy Doctrine precluded defendant M&T from ever filing a separate foreclosure action particularly when defendant M&T and its lawyers,

defendants Reed Smith and Aaron Bender represented to the Law Division in 2017, Hon. Patrick J. Bartels, that no foreclosure action would be filed.

Petitioners were never in default under the terms of their HCSB mortgage contract. Petitioners paid their principal and interest every month like clockwork and there was no legal justification for defendant M&T rejected Petitioner's P&I payments online and in satellite branches based on an alleged dispute over property taxes, to create a faux default that never existed.

However, in this case, Petitioners were always up to date on their property taxes, were owed considerable tax refunds since 2009 and defendant M&T was invited to join the Tax Court litigation and given assurance from the Tax Court judge that no deficiency lien could be entered. Ergo the abuse of process was frivolous, malicious and calculated to cause emotional harm and physical injury.

Petitioner Amy R. Gurvey is permanent and physically disabled as defined under the Americans With Disabilities Act, 42 USC 12101 et seq. Petitioner born with genetically-determined immunodeficiency disease, is at highest risk for COVID-19 infection, and had a cardiac troponin emergency requiring hospitalization in December 2021 based on the frivolous litigation and continued abuse of process engaged in by defendants M&T and SKLH and Chancery's failure to grant a stay of entry of default.

But for Judge Wigenton's clear bias, judicial misconduct and failure to disclose a disqualifying stock interest in defendant M&T, the foreclosure would have been dismissed in this court in 2018, along with the illegal fees, charges, penalties and fines and frivolous charges that remain and have been compounded on statements submitted. This court cannot allow defendants to take Petitioners' home without any adjudication on the merits to date. There

has been no adjudication on the merits in Chancery, only a default judgment wrongfully entered after the foreclosure should have been dismissed three years prior.

### III.     MEMORANDUM OF LAW

Plaintiffs PRO SE H. Scott Gurvey and Amy R. Gurvey now declare to the truth of the following statements under law in moving for Reconsideration of the Court's denial of Petitioner's order to show cause to vacate the remand order entered in 2019 and and dismiss defendant M&T Bank's illegal and fraudulent state Chancery foreclosure action filed July 5, 2018. There has been no determination in the state that M&T never had contractual right to accelerate the mortgage loan or foreclosure under the HCSB mortgage contract sought by Petitioners in 2017. There has been no determination that defendants M&T and SKLH both used eCourts to electronically file a separate foreclosure action with fraudulent papers that no existing lawsuit was pending between the parties in defiance of the HCSB contract, NJ's Constitution and NJ's Entire Controversy Doctrine. NJ Ct. R. 4:30A. There has been no determination that after multiple eCourts faux pas, Chancery never acquired jurisdiction over the illegal foreclosure.

1.     The Third Circuit in Case No. 21-2953 ordered on 3-22-22 it will hear Plaintiffs' petition for writ of mandamus on orders entered in this lawsuit. A petition seeking a writ of mandamus based on Petitioner's order to show cause and this reply will be filed to vacate the remand order and dismiss the illegal foreclosure with prejudice. Under Third Circuit law, vacatur of the remand order or reconsideration now denial by the new district court is reversible error and abuse of discretion.

2.     The removal action was filed by Plaintiffs in August 2018 in response to defendant M&T's illegal and fraudulent foreclosure filed on the NJ eCourts system on July 5, 2018 by defendant Schiller, Knapp, Lefkowitz & Hertzel, LLP ("SKLH"), defendant M&T's Latham, New York debt collector.

3.     Defendant M&T admitted on the face of its foreclosure complaint, F-014035-18, that M&T is a NY banking corporation that only accepts service of process at its corporate

headquarters in Buffalo, New York, that Plaintiffs H. Scott Gurvey and fictitious spouse Amy Gurvey are resident NJ homeowners, and that the amount of controversy is $476,000.

4. These statements iterated on the face of the foreclosure complaint bequeath the district court with diversity of citizenship jurisdiction over the foreclosure complaint.

5. While there exists a general exclusion to the homeowner's right to claim diversity when the foreclosure is filed in the defendants' state of residence, there are exceptions to this rule, that apply in this action in full force.

6. Under prevailing law of the Third Circuit, removal was required to be granted and the foreclosure complaint dismissed or adjudicated for dismissal. The district court's reliance on *Agostini v. Piper Aircraft Corp.*, 729 F. 3d 350 (2013) instead of on *Korea Exchange Bank NY Branch v. Trackwise Sales Corporation*, 66 F. 3d 46 (3d Cir 1995); *Green Tree Servicing v. Cargille*, 662 Fed. Appx. 118 (3d Cir 2016), is incorrect and misplaced.

7. In *Agostini, supra,* the issue was whether the Third Circuit had jurisdiction to review a district court's denial of a motion for reconsideration when the order to be reconsidered is a remand order to state court for lack of subject-matter jurisdiction. In that case, remand was found proper because there was no diversity jurisdiction because there was no complete diversity of citizenship among the defendants.

8. In the instant case, however, there is complete diversity as admitted by defendants M&T and SKLH on the face of the foreclosure complaint.

9. Now we get to the second prong, i.e., whether the Third Circuit has jurisdiction to review this district court's denial of vacatur of the remand order.

10. Here, defendant M&T admittedly is a NY banking corporation with its principal place of business in Buffalo, New York that only accepts service of process at its headquarters in

Buffalo, New York and that Plaintiffs are NJ resident homeowners.

11. Gurvey Petitioners' opposition papers to the report and recommendation of the magistrate entered on March 14, 2019 claiming diversity, was timely filed and date stamped by the DNJ clerk within the fourteen day deadline, in this case on March 28, 2019. This is proven from the case docket in 18-12702-cv (SDW).

12. However, demonstrating bias based on her undisclosed stock interest, Judge Wigenton incorrectly found in her remand order that neither party had opposed the R&R. This statement was false and proven by the record and docket that speaks for itself.

13. What is true is that somehow court administration entered the docket entries out of chronological order. Judge Wigenton's order of March 29, 2019 was entered on the docket ahead of Plaintiffs' March 28, 2019 opposition; and Petitioners' opposition was delayed entry for over a week. In the interim, Judge Wigenton remanded the case on April 1, 2019 denying Petitioner's reconsideration motion. Judge Wigenton clearly misapplied the law and found improper facts that Plaintiffs had not filed an opposition to the magistrates' R&R.

14. While service upon the defendant in the state of citizenship will often preclude appellate review of remand, in this case, there were two defects in removal procedure in violation of 28 USC 1441, 1447(d); and diversity of citizen and federal question jurisdiction both existed and were claims in Petitioners' timely filed opposition papers. Those defects were that Judge Wigenton herself failed to remand the case within the 30 day statutory deadline, and did not remand for 8 months, on March 29, 2019. However, defendant M&T, also did not move for remand within the 30-day statutory deadline, but waited five months until January 2019 to do so.

15. Ergo, the two defects in removal procedure coupled with the admission of diversity of citizenship jurisdiction on the face of the well pleaded foreclosure complaint, means that the district court was required to maintain the removed foreclosure action under 28 USC 1447(d) and Section 1447 (c ) does not apply. This court had jurisdiction to hear the removal petition, maintain the petition, adjudicate the answer and counterclaims docketed by Petitioners, and dismiss the foreclosure complaint with prejudice.

16. Plaintiffs' answer and counterclaims to foreclosure were duly filed in the District of NJ as admitted to by defendant M&T and by defendants Schiller, Knapp, Lefkowitz & Hertzel in this court and in Chancery.

17. However, that eCourts again made a serious and prejudicial error cannot be charged to Plaintiffs. When eCourts remanded the case to Chancery, it docketed Plaintiffs' answer and counterclaims as a single entry "opposition". Thereafter, the Chancery Judge, who admitted never reading the papers in transcribed hearing in February 2022, did not accept the filing. Instead, the Chancery Judge said "she had to go by the docket" and entered a default and then a default judgment, when she clearly had the papers before her and the payments for an answer and counterclaims had been duly paid by Petitioners. It is improper in this case to have entered a default and continuing not hearing the merits of Petitioner's germane claims and defenses in the Law Division and the district court since 2017.

18. In *Agostini v. Piper Aircraft Corp.*, 729 F. 3d 350 (third Cir 2013), the case cited by this district court, the Third Circuit examined whether it had jurisdiction to consider an appeal to denial of a motion to reconsider remand to state court. The Court began by stating that the general rule is that 28 U.S.C. § 1447(d) provides, in relevant part: "[a]n order remanding a case

to the State court from which it was removed is not reviewable on appeal or otherwise...."

19. *However,* the Third Circuit noted that in *Quackenbush v. Allstate Insurance Company,* 517 U.S. 706 (1996), the US Supreme Court underscored that *"only remands based on grounds specified in § 1447(c)"*—namely, remand orders based on the lack of subject-matter jurisdiction [like the remand order here]—"are immune from review under § 1447(d)." 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quotation marks omitted); *see also* 28 U.S.C. § 1447(c).

20. **The difference with the current lawsuit is that it the fact pattern does not fall under § 1447 (c).** This is because on the face of the well pleaded foreclosure complaint defendants M&T and SKLH averred that defendant M&T is NY Banking Corporation that only accepts service of process at its headquarters in Buffalo, NY and Plaintiffs are NJ senior citizen homeowners.

21. Ergo, the instant case is not controlled by *Agostini b*ut by the line of cases starting with <u>Korea Exchange Bank NY Branch v. Trackwise Sales Corp.</u>, 66 F. 3d 46 (3d Cir 1995). <u>Green Tree Servicing v. Cargile</u>, 662 Fed. Appx. 118 (3d Cir 2016). In these cases, the Third Circuit has found that the district court exceeded its statutory authority in remanding a mortgage foreclosure action on grounds that the mortgagors were citizens of the state where the action was filed, such that they could not invoke diversity jurisdiction; and the Court of Appeals could review the remand order.

22. A mortgagor's removal action in the state of citizenship based on diversity jurisdiction grounds is not a jurisdictional defect but rather a defect in removal procedure. In this case, the the mortgagee's motion to remand filed more than 30 days from the mortgagors'

notice of removal, is another defect, as the court's own failure to remand within 30 days is a third defect. Here removal was filed in August 2018, defendant M&T's motion to remand was filed in January 2019, 5 months late, after the mortgagors' notice of removal and the court's own order was entered on April 1, 2019 eight months later in contumacious defiance of 28 USC 1332; 1441(b)(2), 1446(a), 1447(c), 1447 (d)

23. Moreover in the 2018 removal action, defendant M&T was represented by defendant Schiller, Knapp Lefkowitz & Hertzel ("SKLH"). The law firm of PIB who filed an opposition to Petitioners' order to show cause and motion to vacate orders of Judge Wigenton, never filed a notice of appearance in the removal action on behalf of defendant M&T. Therefore PIB remains powerless to contest the Rule 60(b) vacatur motion filed by Petitioner to vacate the remand order.

25. The district court also cites to In *Liljeberg v. Health Services Acquisition Corp.*, 486 US 847 (1988) and the fact that Judge Wigenton's failure to disclose a disqualifying stock interest was negligent. That fact, even if true, does not preclude vacatur of the remand order and dismissal of the foreclosure action; or that Judge Wigenton had to disqualify herself at an earlier time.

26. Per the US Supreme Court "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) as amended.

> "In the present case, the Court of Appeals for the Fifth Circuit concluded that a violation of § 455(a) is established when a reasonable person, knowing the relevant facts, would expect that a justice, judge, or magistrate knew of circumstances creating an appearance of partiality, notwithstanding a finding that the judge was not actually conscious of those circumstances. Moreover, although the judgment in question had

become final, the Court of Appeals determined that under the facts of this case, the appropriate remedy was to vacate the court's judgment. We granted certiorari to consider its construction of § 455(a) as well as its remedial decision. 480 U.S. 915, 107 S.Ct. 1368, 94 L.Ed.2d 684 (1987). We now affirm."

27. The issue here is that Judge Wigenton also dismissed defendants SKLH and M&T from liability in the 2020 damages lawsuit based on Colorado River, when the RICO claims were never before the state court, nor were any claims against SKLH for damages based on violations of the Fair Debt Collection Practices Act, 15 USC 1692 and ongoing consumer fraud in the Chancery Court.

28. The district court is correct in holding that a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities in in his favor, and that the granting of the injunction is in the public interest. *Winter v. National Resources Defense Council*, 55 US 7 (2008).

29. However, all four factors exist in the instant action, and it is would be an abhorrent miscarriage of justice and high risk to Petitioners' already compromised health during COVID-19 to force these Plaintiffs to lose their home and move, when they must be awarded damages against defendants, and would have to continue this action be paid back far more than the home's reduced value, after they lost their home. Defendants' wrongful and malicious actions consist of def abuse of process, wrongful state cation, fraud, RICO violations continuing consumer fraud, intentional infliction of emotional distress and physical injury, that is documented and cannot be disputed.

30. There is no ground to take Plaintiffs' home and the court should have dismissed the illegal foreclosure action with prejudice foreclosure in 2018.

31. Petitioner also seek that their application for ECF filing privileges in this court submitted in 2018 and 2020 be granted. Petitioners previously averred under oath to this Court in February 2019 and now against in April 2022 as follows:

As the Defendants/Counterplaintiffs *pro se* in the above-captioned matter, we respectfully ask the Court for permission to participate in electronic case filing ("e-filing") in this case. We hereby affirm that:

(i) We have reviewed the requirements for e-filing and agree to abide by them.

(ii) We understand that once we register for e-filing, we will receive notices and documents only by email in this case and not by regular mail.

(iii) We have regular access to the technical requirements necessary to e-file successfully; a computer with Internet access; an email account on a daily basis to receive notifications from the Court and notices from the e-filing system; a scanner to convert documents that are only in paper format into electronic files; a printer or copier to create required paper copies such as chambers copies; a word-processing program to create documents; and a pdf reader and a pdf writer to convert word processing documents into pdf format, the only electronic format in which documents can be e-filed and

(iv) We have familiarity and experience with and already possess PACER/ECF accounts in the federal circuit courts of appeal including the Third Circuit.

WHEREFORE, Plaintiffs pray that this court grant reconsideration of its motion denying vacatur of the remand order of the district court entered April 1, 2019, deny defendants opposition papers in entirety, dismiss defendants' illegal foreclosure action with prejudice or hold a hearing on dismissal with prejudice, award Petitioners their attorneys fees and costs to bring this action including civil rights damage claims; and such other and further relief as the court deems just and proper.

April 7, 2022
Montclair, NJ  07043

_____
H. Scott Gurvey

_____
Amy R. Gurvey
Petitioners Pro se

2022 APR -8  P 1:36

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

## CERTIFICATE OF SERVICE

      Amy R. Gurvey, the Co-Plaintiff *Pro Se* herein and over the age of 18, certifies that on April 7, 2022, she served a true and accurate copy of Reply and Motion for Reconsideration of the order by depositing a true and accurate copy of same, postage prepaid, in a mailbox duly maintained by the U.S. Postal Service.

      The envelope was addressed as follows:

Richard Gerbino, Esq.
Schiller, Knapp, Lefkowitz & Hertzel, LLP
30 Montgomery Street Suite 1205
Jersey City, NJ  07302

cc:    Clerks Office
       United States District Court District of New Jersey
       50 Walnut Street  4th Fl
       Newark, NJ  07101

_____
Amy R. Gurvey, Plaintiff *pro se*

**H. SCOTT GURVEY**